**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 18 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30416 |
| Plaintiff–Appellee, | D.C. No. 2:09-cr-02015-EFS-1 |
| v. | |
| JOSHUA WARREN HOLLOWAY, | MEMORANDUM[*] |
| Defendant–Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted August 5, 2010
Seattle, Washington

Before: CANBY, THOMPSON and BERZON, Circuit Judges.

Appellant Joshua Warren Holloway appeals an order of the district court

denying his motion to suppress evidence seized during a traffic stop of a vehicle

and a later order denying his motion for reconsideration. Following the denial of

those motions, Holloway and the Government entered into a plea agreement,

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

pursuant to which Holloway entered a plea of guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), conditioned upon the outcome of this appeal. *See* Fed. R. Crim. P. 11(a)(2).[1]

"An officer may not detain a motorist without a showing of reasonable suspicion, which is 'a particularized and objective basis for suspecting the particular person stopped of criminal activity.'" *United States v. Jimenez-Medina*, 173 F.3d 752, 754 (9th Cir. 1999) (quoting *United States v. Cortez*, 449 U.S. 411, 417 (1981)). Reasonable suspicion requires "specific, articulable facts which, together with objective and reasonable inferences, form a basis for suspecting that the particular person detained is engaged in criminal activity." *United States v. Hernandez-Alvarado*, 891 F.2d 1414, 1416 (9th Cir. 1989). Holloway argues that the officer who seized the evidence lacked the requisite reasonable suspicion to initiate the traffic stop.

During a hearing on the motion to suppress, the officer testified that, although he saw the vehicle activate its brake lights, the left turn signal on the vehicle failed to illuminate at any point during the last 100 feet traveled by the

---

[1] We have jurisdiction of the appeal pursuant to 28 U.S.C. § 1291. We review de novo a district court's determination that a government official had reasonable suspicion to initiate a traffic stop and review the factual findings underlying that determination for clear error. *United States v. Lopez-Soto*, 205 F.3d 1101, 1103–04 (9th Cir. 2000).

vehicle before it made a left turn.  There was no testimony to the contrary.

Crediting the officer's testimony, the district court found that there existed specific,

articulable facts and objective and reasonable inferences sufficient to form a basis

for a reasonable suspicion that the driver of the vehicle had committed a traffic

offense.  *See* Wash. Rev. Code Ann. § 46.61.305(2) (West 2009) ("A signal of

intention to turn . . . shall be given continuously during not less than the last one

hundred feet traveled by the vehicle before turning.").  We defer to these findings,

which are "plausible in light of the record viewed in its entirety."  *Anderson v.*

*Bessemer City*, 470 U.S. 564, 573–74 (1985).  The officer therefore possessed the

requisite reasonable suspicion and lawfully initiated the traffic stop.

Holloway attempted to controvert the officer's testimony by introducing

governmental regulations establishing minimum angular visibility requirements for

motor vehicle turn signals.  As the district court pointed out, however, these

regulations "do not analyze the *subject vehicle*'s turn signal visibility and

intensity."  (Emphasis added).  Nothing in the regulations tends to show that the

subject vehicle's left-turn signal was any less visible than its brake lights.  There

was no error of fact or law in the district court's ruling.

**AFFIRMED.**

3